IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS/ST. JOHN

ERIKA A. KELLERHALS, P.C.,         )
          PLAINTIFF         )
                                     )      Civ No. 3:09-cv-90
     v.                                 )
                                     )
INTERNAL REVENUE SERVICE,          )
          DEFENDANT         )
_____)

**COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

NOW HERE COMES, Plaintiff Erika A. Kellerhals, P.C. and complaining of Defendant, United States Internal Revenue Service ("IRS"), states as follows:

**INTRODUCTION**

1.    This is an action under the Freedom of Information Act, 5 U.S.C.A. § 552 ("FOIA"), as amended, to order the production of agency documents, records, opinions, correspondence, presentations and information in the possession of any component of the IRS including the Office of the National Taxpayer Advocate, regarding the applicability or inapplicability of the U.S. federal statute of limitations to taxpayers who take the position that they are bona fide residents of the United States Virgin Islands ("USVI") for purposes of the income tax, including but not limited to all documents produced in conjunction with or after the adoption of Notice 2007-19 and Notice 2007-31, including all post-decisional documentation and correspondence.

**JURISDICTION AND PARTIES**

2.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B) because this is an action to enforce the FOIA from a complainant that resides

Erika A. Kellerhals, P.C. v. Internal Revenue Service
Case No. 3:09-cv-90
Complaint for Declaratory Judgment and Injunctive Relief
Page 2

within the district of the U.S. Virgin Islands.  Pursuant to 5 U.S.C. § 552(a)(4)(B), this Court shall determine the matter de novo.

3.      Venue lies in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4.      Plaintiff, the requester of the agency records that have been improperly withheld, is a law firm with its office located at 41-42 Kongens Gade, St. Thomas, U.S. Virgin Islands 00802.

5.      Defendant, IRS, is an agency of the United States Government, and has possession and control of the records requested by Plaintiff.  The IRS is an "agency" within the meaning of 5 U.S.C. § 552(f).

## STATUTORY FRAMEWORK OF FOIA

6.      The FOIA, 5 U.S.C. § 552 *et. seq.*, requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

7.      An agency must respond to a party making a FOIA request within 20 working days, notifying that party of the agency's determination whether or not to fulfill the request and the reasons thereof, and of the right to appeal any adverse decision to an agency head. 5 U.S.C. § 552(a)(6)(A)(i).

8.      In "unusual circumstances," an agency may delay its response to a FOIA request, but must provide notice and must also provide "the date on which a determination is expected to be dispatched."  However, no notice shall extend the 20-day response limit by more than ten working days.   5 U.S.C. § 552(a)(6)(A)(i) and 31 C.F.R. § 1.5(j)(2).

Erika A. Kellerhals, P.C. v. Internal Revenue Service
Case No. 3:09-cv-90
Complaint for Declaratory Judgment and Injunctive Relief
Page 3

9. Once an agency fails to comply with applicable time limits, the FOIA requester shall be deemed to have exhausted its administrative remedies with respect to the request. 5 U.S.C. § 552(a)(6)(C)(i) and 31 C.F.R. § 1.5(k).

10. If an adverse determination is made, or if no determination is made within the time limits prescribed by law, the FOIA requester may commence an action in a United States district court in the district where it resides and the district court, upon receipt of a complaint, may "enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B) and 31 C.F.R. § 1.5(l).

11. A Memorandum for Heads of Executive Departments and Agencies issued by Eric Holder, the Attorney General, on March 19, 2009, has rescinded the Attorney General's FOIA Memorandum of October 12, 2001, and curtailed the bases upon which the agency may refuse to release said records. The Memorandum of March 19, 2009 states that the Department of Justice will defend a denial of a FOIA Request only if (1) the agency reasonably foresees that disclosure would harm an interest protected by one of the statutory exemptions, or (2) disclosure is prohibited by law.

## FACTS GIVING RISE TO PLAINTIFF'S CLAIMS FOR RELIEF

12. On February 03, 2009, Plaintiff sent to Defendant a FOIA request for all material subject to disclosure, including but not limited to, agency documents, records, opinions, correspondence, presentations and information in the possession of any component of the IRS including the Office of the National Taxpayer Advocate, regarding the applicability or inapplicability of the U.S. federal statute of limitations to taxpayers who take the position that they are bona fide residents of the USVI for purposes of the income tax. Attached hereto and incorporated by reference as "Exhibit A" is a true and correct copy of the February 03, 2009 correspondence.

Erika A. Kellerhals, P.C. v. Internal Revenue Service
Case No. 3:09-cv-90
Complaint for Declaratory Judgment and Injunctive Relief
Page 4

13.     Defendant, through Disclosure Specialist Mary B. Cooper, sent a letter to Plaintiff dated March 05, 2009 stating that Defendant would be unable to respond to Plaintiff's lawful request within the statutorily mandated 20 business-day period.  Defendant also invoked an additional ten-day statutory extension (pursuant to 5 U.S.C. § 552(a)(6)(B)(i) and 31 C.F.R. § 1.5(j)(2)) allowing them to respond to Plaintiff's request by March 20, 2009.  Defendant's letter of March 05, 2009 informed Plaintiff that it would be unable to respond within the statutory period and requested an extension of the response date to April 06, 2009.  Attached hereto and incorporated by reference as "Exhibit B" is a true and correct copy of the March 05, 2009 correspondence.

14.     On March 17, 2009, Plaintiff spoke with Defendant representative Ms. Mary B. Cooper via telephone and was informed by Ms. Cooper that the requested items would in fact take "month and months" to disclose to Plaintiff.

15.     On April 02, 2009, Plaintiff's received a letter from Ms. Janice D. Rudolph (ID # 0218169), Tax Law Specialist, HQ Disclosure Office.  The April 02, 2009 correspondence stated that Defendant was still processing the request and needed additional time to complete the response. The correspondence indicated that Defendant would contact Plaintiff by June 26, 2009 if they were unable to complete its request.  Attached hereto and incorporated by reference as "Exhibit C" is a true and correct copy of the April 02, 2009 correspondence.

16.     The statutory period for responding to Plaintiff's FOIA request (twenty days) has lapsed and, to date, Defendant has not provided any documents in response to Plaintiff's FOIA request. Defendant has improperly withheld the requested documents from Plaintiff.

Erika A. Kellerhals, P.C. v. Internal Revenue Service
Case No. 3:09-cv-90
Complaint for Declaratory Judgment and Injunctive Relief
Page 5

17.     By operation of law (as set forth in 5 U.S.C. § 552(b)(6)(C)(i), 31 C.F.R. § 1.5(k), and 26 C.F.R. 601.702(c)(12)), Plaintiff has exhausted its administrative remedies with respect to this matter.

18.     Plaintiff has a statutory right, pursuant to 5 U.S.C. § 522(a)(3), to the records it seeks, and there is no legal basis for defendant's failures to respond to Plaintiff's request and to disclose the requested documents.

19.     The improper withholding of the requested documents has irreparably harmed the Plaintiff by preventing it from reviewing the documents in Defendant's possession and by preventing Plaintiff's ability to exercise a valuable statutory right conferred by Congress pursuant to FOIA.

20.     The actions of Defendant, as stated above, are a violation of the FOIA, 5 U.S.C. § 552 *et. seq.,* as amended.

Case: 3:09-cv-00090-CVG-RM   Document #: 1   Filed: 06/23/09   Page 6 of 6

Erika A. Kellerhals, P.C. v. Internal Revenue Service
Case No. 3:09-cv-90
Complaint for Declaratory Judgment and Injunctive Relief
Page 6

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

(1) Declare that Defendant's failure to disclose the records requested by Plaintiff is unlawful;

(2) Enjoin Defendant from withholding agency records and to Order the production of all agency records improperly withheld pursuant to 5 U.S.C. § 552(a)(4)(B);

(3) Provide for expeditious proceedings in this action;

(3) Award Plaintiff its costs and reasonable attorney's fees in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

(4) Grant such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

Dated:  June 23, 2009        s/ *Erika  A. Kellerhals*
                             Erika A. Kellerhals
                             VI Bar Association No. 849
                             Erika A. Kellerhals, P.C.
                             P.O. Box 608
                             St. Thomas, USVI 00804
                             TEL: 340.779.2564
                             FAX: 340.774.3019
                             EMAIL: erika@kellerhalspc.com