DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

ERIKA A. KELLERHALS, P.C., )
)
            Plaintiff, )
)
            v. )        Civil No. 2009-90
)
INTERNAL REVENUE SERVICE, )
)
            Defendant. )

ATTORNEYS:

**Erika A. Kellerhals, Esq.**
St. Thomas, U.S.V.I.
      *For Erika A. Kellerhals, P.C.,*

**Gerald Alan Role, Esq.**
Washington, D.C.
**Joycelyn Hewlett, AUSA**
St. Thomas, U.S.V.I.
      *For the Internal Revenue Service.*

## MEMORANDUM OPINION

**GÓMEZ, C.J.**

This matter is before on the motions of the Internal Revenue Service ("IRS") and Erika A. Kellerhals, P.C. ("Kellerhals") for summary judgment. Also before the Court is the Report and Recommendation of the Magistrate Judge regarding the documents withheld by the IRS.

### I. FACTUAL AND PROCEDURAL BACKGROUND

In 2007, the IRS began examining Virgin Islands taxpayers to determine if they were bona fide residents of the Virgin Islands. The IRS issued two notices on the matter, Notice 2007-

*Erika A. Kellerhals, P.C. v. IRS*
Civil No. 2009-90
Memorandum Opinion
Page 2

19, 2007-1 C.B. 689, 2007 WL 519726, 2007 IRB LEXIS 135 (Mar.

12, 2007), and Notice 2007-31, 2007-1 C.B. 971, 2007 WL 946370,

2007 IRB LEXIS 264 (Apr. 16, 2007).

On February 3, 2009, Kellerhals requested certain documents

from the IRS under the Freedom of Information Act, 5 U.S.C.

§ 552 ("FOIA"). The request sought documents relating to the IRS

examinations. Specifically, Kellerhals sought:

> [A]ll documents . . . , records, opinions,
> correspondence, presentations, and information in the
> possession of any component of the [IRS] ***including the
> Office of the National Taxpayer Advocate***, regarding
> the applicability or inapplicability of the U.S.
> federal statute of limitations to taxpayers who take
> the position that they are bona fide residents of the
> United States Virgin Islands ("USVI") for purposes of
> the income tax. The documents requested include, but
> are not limited to, statements of policy and
> interpretations adopted by the IRS and its divisions,
> but not published in the Federal Register,
> administrative staff manuals and instructions to the
> staff and agents of the IRS regarding the applications
> of the U.S. federal statute of limitations, and all
> documents produced in conjunction with or after the
> adoption of Notice 2007-19 and Notice 2007-31,
> including all post-decisional documentations and
> correspondence.

Pl.'s Ex. A, ECF No. 1-1; Def.'s Statement of Undisputed Facts

¶ 1.

On June 23, 2009, Kellerhals initiated the present action,

seeking declaratory and injunctive relief compelling the IRS to

produce the documents she requested.

*Erika A. Kellerhals, P.C. v. IRS*
Civil No. 2009-90
Memorandum Opinion
Page 3

## A. <u>The September 10, 2010 Disclosure</u>

On September 10, 2010, in response to Kellerhals's FOIA request, the IRS released to Kellerhals 1,983 pages of documents. The IRS withheld 1,409 pages of documents which it claimed were exempt from disclosure. It also withheld portions of 307 pages of documents which it claims were partially exempt from disclosure.

In support of its withholding, the IRS submitted the Declaration of James G. Hartford. He described the documents withheld and stated the basis for the exemptions claimed. 1st Decl. of James G. Hartford, ECF No. 17-7. The IRS claimed the withheld documents were exempt under five exemptions. Many of the documents were allegedly exempt under multiple exemptions. The several bases for withholding the documents are outlined below.

The IRS withheld eighty-eight pages in full and fifty-seven in part on the ground that they contain return information of taxpayers other than Kellerhals (referred to as "third-party return information"). The IRS alleges that these documents consist of copies of documents or information originally obtained or created by the IRS in the course of determining the liability under Title 26 of third-party taxpayers. The IRS alleges that the documents also may contain information such as

*Erika A. Kellerhals, P.C. v. IRS*
Civil No. 2009-90
Memorandum Opinion
Page 4

taxpayer names, addresses, taxpayer identification numbers,

amounts or sources of income, credits, deductions, or records of

taxes assessed and of taxes paid or due.

It is undisputed that Kellerhals has not secured consent

from these third-party taxpayers to view their information.

The IRS withheld fifty-eight pages in full on the ground

that these documents relate to a treaty between the United

States and the United States Virgin Islands. These documents

contain correspondence between the IRS and officials of the

Virgin Islands Bureau of Internal Revenue regarding the Tax

Implementation Agreement of 1954 between the United States and

the Virgin Islands, and the working exchange-of-information

agreement between the United States and the Virgin Islands.

The IRS withheld 1,335 pages in full and 242 in part on the

ground that these documents would reveal predecisional thoughts

and analysis of IRS employees; privileged exchanges between the

IRS, the National Taxpayer Advocate ("NTA"), and the Office of

Chief Counsel for the IRS; or attorney work product. These

documents contain discussions of drafts of the two subsequently

promulgated Notices, Notice 2007-19, 2007-1 C.B. 689, 2007 WL

519726, 2007 IRB LEXIS 135 (Mar. 12, 2007), and Notice 2007-31,

2007-1 C.B. 971, 2007 WL 946370, 2007 IRB LEXIS 264 (Apr. 16,

2007). These Notices address the applicability of the Federal

*Erika A. Kellerhals, P.C. v. IRS*
Civil No. 2009-90
Memorandum Opinion
Page 5

statute of limitations to U.S. citizens and residents claiming to be bona fide residents of the Virgin Islands.

The IRS withheld one page in full that allegedly could reasonably be expected to constitute an unwarranted invasion of personal privacy. This document is an email from a personal email account of an IRS employee containing his thoughts about then-proposed Notice 2007-19.

The IRS withheld forty pages in full and seventeen in part on the ground that this information could reasonably be expected to interfere with IRS efforts to enforce the Federal tax laws.

Lastly, the IRS withheld ten pages in full and four in part allegedly because their release would disclose techniques and procedure for law enforcement investigations, or would disclose guidelines for law enforcement investigations that, if disclosed, could reasonably be expected to risk circumvention of the law. These documents include discussion of the imposition of penalties on Virgin Islands taxpayers under examination; discussion of the handling of cases under the 2007 and prior Notices; and discussion of implementation of the federal statute of limitation under the various agreements between the United States and the Virgin Islands. They also included summaries of ongoing investigations, audits, civil examinations, and criminal

*Erika A. Kellerhals, P.C. v. IRS*
Civil No. 2009-90
Memorandum Opinion
Page 6

proceedings; and discussion of specific ongoing cases, exams, and audits.

## B. **The January 6, 2011 Disclosure**

On or about January 6, 2011, in response to Kellerhals's objections to some of the claimed exemptions, the IRS released an additional six pages in full.

## C. **The January 27, 2011 Disclosure**

On January 27, 2011, the IRS obtained an additional sixteen pages of documents from the National Taxpayer Advocate. On January 31, 2011, The IRS released four of these pages in full and nine in part. In support of its withholding, the IRS submitted the Second Declaration of James G. Hartford, describing the documents withheld and stating the basis for the exemptions claimed. 2d Decl. of James G. Hartford, ECF No. 17-8. The IRS claimed the withheld documents were exempt under four different exemptions. Many documents were allegedly exempt under multiple exemptions. The several bases for withholding the documents are outlined below.

The IRS withheld four pages in full and nine in part on the ground that the information was exempt under the deliberative process privilege. The four pages withheld in full consist of the handwritten notes of the Nina Olson, the National Taxpayer Advocate, taken during meetings with IRS and Department of the

*Erika A. Kellerhals, P.C. v. IRS*
Civil No. 2009-90
Memorandum Opinion
Page 7

Treasury personnel regarding the application of the federal statute of limitations to the Virgin Islands. The nine pages partially withheld contain the handwritten notes of IRS and NTA officials regarding the applicability of the federal statute of limitations to the Virgin Islands. They also contain the handwritten notes of IRS officials taken during a meeting with members of the House Ways and Means Committee discussing the position the IRS ultimately adopted in Notice 2007-19.

The IRS withheld four pages in part on the ground they contained third-party taxpayer information. It is undisputed that Kellerhals has not obtained consent from the third-parties for this information.

The IRS withheld four pages in part allegedly because disclosure could reasonably be expected to interfere with ongoing enforcement proceedings. These documents consist of handwritten notes from meetings where specific examinations were discussed.

The IRS withheld two pages in part allegedly because their disclosure would reveal law enforcement procedures that, if revealed, could reasonably be expected to risk circumvention of the law. These documents consist of handwritten notes from a meeting discussing certain thresholds and procedures regarding a class of potential examinations.

*Erika A. Kellerhals, P.C. v. IRS*
Civil No. 2009-90
Memorandum Opinion
Page 8

Thus, to date, the IRS has disclosed 1,992 pages in full and is withholding 1,406 pages in full and 316 pages in part.

The only disputed issue in this case is whether the documents being withheld are subject to an exemption from FOIA'S disclosure requirements. The IRS and Kellerhals move for summary judgment.

On September 30, 2011, the Magistrate Judge issued a Report and Recommendation after conducting an *in camera* review of the withheld documents. The Magistrate Judge concluded that all but one document were validly withheld under at least one exemption. The one exception is FER-N19-000410, which the Magistrate Judge held contains mainly factual data and could be produced with appropriate redaction.

## II. <u>DISCUSSION</u>

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Hersh v. Allen Prods. Co.*, 789 F.2d 230, 232 (3d Cir. 1986). A genuine issue of material fact exists "when a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). If the parties file cross-motions for summary judgment,

*Erika A. Kellerhals, P.C. v. IRS*
Civil No. 2009-90
Memorandum Opinion
Page 9

a court "must rule on each party's motion on an individual and
separate basis, determining, for each side, whether a judgment
may be entered in accordance with the summary judgment
standard." *Schlegel v. Life Ins. Co of N. Am.*, 269 F. Supp. 2d
612, 615 n.1 (E.D.Pa. 2003) (citation and internal quotation
marks omitted).

When a dispute involves a request for information under
FOIA, an agency is entitled to summary judgment in its favor if
it can "show, viewing the facts in the light most favorable to
to the requester, that there is no genuine issue of material
fact." *Steinberg v. U.S. Dep't of Justice*, 23 F.3d 548, 551
(D.C. Cir. 1994). An agency may withhold a document, or certain
information contained within a document, "*only* if the
information contained in the document falls within one of nine
statutory exemptions to the disclosure requirement contained in
§ 552(b)." *Bowen v. FDA*, 925 F.2d 1225, 1226 (9th Cir. 1991)
(emphasis in original). The burden is on the agency to prove the
exemptions, narrowly construed, apply to the withheld documents.
*Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976).

### III. <u>ANALYSIS</u>

Documents requested pursuant to the Freedom of Information
Act are generally subject to disclosure unless they fall within

*Erika A. Kellerhals, P.C. v. IRS*
Civil No. 2009-90
Memorandum Opinion
Page 10

a category of exempt documents. These categories are outlined in

5 U.S.C. § 522(b), which provides, in pertinent part

> This section does not apply to matters that are--
>
> . . .
>
> (3) specifically exempted from disclosure by
> statute . . .;
>
> . . .
>
> (5) inter-agency or intra-agency memorandums or
> letters which would not be available by law to a party
> other than an agency in litigation with the agency;
>
> (6) personnel and medical files and similar files the
> disclosure of which would constitute a clearly
> unwarranted invasion of personal privacy;
>
> (7) records or information compiled for law
> enforcement purposes, but only to the extent that the
> production of such law enforcement records or
> information (A) could reasonably be expected to
> interfere with enforcement proceedings, . . . (E) [or]
> would disclose techniques and procedures for law
> enforcement investigations or prosecutions, or would
> disclose guidelines for law enforcement investigations
> or prosecutions if such disclosure could reasonably be
> expected to risk circumvention of the law . . . .

The categories are referred to by the Exemption number under

which they fall.

The IRS is claiming the documents are exempt on five

grounds: Exemption 3, material "specifically exempted from

disclosure by statute," 5 U.S.C. § 552(b)(3), and 26 U.S.C

§ 6103(a); Exemption 3 and 26 U.S.C. § 6105; Exemption 5,

"interagency or intra-agency memorandums or letters which would

*Erika A. Kellerhals, P.C. v. IRS*
Civil No. 2009-90
Memorandum Opinion
Page 11

not be available by law to a party other than an agency in

litigation with the agency," 5 U.S.C. § 552(b)(5); Exemption 6,

"personnel and medical files and similar files," 5 U.S.C.

§ 552(b)(6); Exemption 7(A) and (E), "records or information

compiled for law enforcement purposes, but only to the extent

that the production of such law enforcement records or

information (A) could reasonably be expected to interfere with

enforcement proceedings . . . [and] (E) would disclose

techniques and procedures for law enforcement investigations or

prosecutions, or would disclose guidelines for law enforcement

investigations or prosecutions if such disclosure could

reasonably be expected to risk circumvention of the law," 5

U.S.C. § 552(b)(7)(A), (E).

## A. **Exemption 3 and 26 U.S.C. § 6103(a)**

The IRS asserts Exemption 3 in conjunction with 26 U.S.C.

§ 6103(a) for the withholding of eighty-eight pages in full and

sixty-one pages in part because they contain third-party return

information. 26 U.S.C. § 6103(a) provides that tax returns and

return information "shall be confidential" with a number of

strict exceptions. 26 U.S.C. § 6103(a), (c)-(o). These

exceptions "provide that in some circumstances, and with special

safeguards, returns and return information can be made available

to congressional committees, the President, state tax officials,

*Erika A. Kellerhals, P.C. v. IRS*
Civil No. 2009-90
Memorandum Opinion
Page 12

and other federal agencies." *Church of Scientology of Cal. v. IRS*, 484 U.S. 9, 15 (1987).

The Court adopts the Magistrate Judge's recommendation that these were validly withheld because they either contain taxpayer information or fall within another exemption. Thus, the IRS has satisfied its burden to prove documents fall under the claimed exemption.

Kellerhals only challenges documents withheld under this exemption on the ground that some of them do not contain third-party return information. Having reviewed the documents, the Court has concluded that they all contain third-party return information and thus were properly withheld. Therefore, Kellerhals has failed to demonstrate that it is entitled to summary judgment on this claim.

## B. **Exemption 3 and 26 U.S.C. § 6105**

The IRS asserts Exemption Three in conjunction with 26 U.S.C. § 6105 for the withholding of fifty-eight pages in full on the ground that these documents relate to a treaty between the United States and the United States Virgin Islands.

26 U.S.C. § 6105 states that tax-convention information shall not be disclosed. Section 6105 has been held to fall within Exemption Three. *See Pacific Fisheries, Inc. v. United States*, 539 F.3d 1143, 1147 (9th Cir. 2008); *Tax Analysts v.*

*Erika A. Kellerhals, P.C. v. IRS*
Civil No. 2009-90
Memorandum Opinion
Page 13

*IRS*, 217 F. Supp. 2d 23, 28–29 (D.D.C. 2002). The statute

defines *tax-convention information* as any

>     (A) agreement entered into with the competent
>     authority of one or more foreign governments pursuant
>     to a tax convention,
>
>     (B) application for relief under a tax convention,
>
>     (C) background information related to such agreement
>     or application,
>
>     (D) document implementing such agreement, and
>
>     (E) information exchanged pursuant to a tax convention
>     which is treated as confidential or secret under the
>     tax convention.

26 U.S.C. § 6105(c)(1).

The definition of *tax-convention information* is broad

enough to include documents created by the United States that

contain "information relating to and reflecting on" information

received from a treaty partner. *Pacific Fisheries, Inc. v.

United States*, 395 Fed. App'x 438, 440 (9th Cir. 2010). *See also*

H.R. REP. 106-1033, at 1011 (Conf. Rep.) ("The conferees intend

that tax convention information would include documents and any

other information that reflects tax convention information.");

*General Explanation of Tax Legislation Enacted in the 106th

Congress, Joint Committee on Taxation*, 106 Cong. 147 (2001)

("The Congress intends that tax convention information include

documents and any other information that reflects tax convention

information).

*Erika A. Kellerhals, P.C. v. IRS*
Civil No. 2009-90
Memorandum Opinion
Page 14

The documents withheld by the IRS under this claimed exemption include: drafts of the working agreement between the United States and the Virgin Islands concerning the exchange of taxpayer information, requests for an exchanges of information, and requests made under the working agreement.

Douglas W. O'Donnell ("O'Donnell"), the Director of Competent Authority and International Coordination in the Large Business and International Division of the IRS, avers that the working agreement has been treated as confidential by the United States and the Virgin Islands and has not been disclosed by either party. Decl. of Douglas W. O'Donnell, ¶¶ 5, ECF No. 17-9. Moreover, O'Donnell states that the United States Competent authority has determined that tax administration would be impaired if information exchanged with the Virgin Islands under the working agreement were disclosed to Kellerhals. Decl. of Douglas W. O'Donnell, ¶¶ 11, ECF No. 17-9.

The Court adopts the Magistrate Judge's recommendation that these documents were validly withheld because they either contain tax-convention information or fall within another exemption. The IRS has demonstrated that there is a tax convention between the Virgin Islands and the United States. The parties to this agreement have treated exchanges of information relating to this agreement as confidential. Therefore, the

*Erika A. Kellerhals, P.C. v. IRS*
Civil No. 2009-90
Memorandum Opinion
Page 15

information is confidential under 26 U.S.C. § 6501(c)(1)(E).

Thus, the IRS has satisfied its burden to show these documents

were exempt from disclosure.

Notwithstanding these circumstances, Kellerhals challenges

the withholding of these documents on the grounds that the IRS

failed to describe whether the documents were confidential under

26 U.S.C. §§ 6105(c)(1)(A), (B), (C), (D), or (E). Having

reviewed the documents, the Court has determined that they are

confidential under 26 U.S.C. § 6501(c)(1)(E). Kellerhals has not

directed this Court to any authority requiring the IRS to

identify the precise subsection of § 6501 applicable to the

documents at issue when the documents are submitted to the court

for *in camera* review. Thus, Kellerhals has failed to show that

she is entitled to summary judgment on this claim.

## C. <u>Exemption 5</u>

The IRS asserts Exemption Five as the basis for withholding

1,335 pages of documents in full and 242 pages in part on the

ground that they contain material which is protected by the

governmental deliberative privilege, the attorney-client

privilege, or the attorney work-product privilege.

Exemption 5 exempts from disclosure "inter-agency or intra-

agency memorandums or letters which would not be available by

law to a party other than an agency in litigation with the

*Erika A. Kellerhals, P.C. v. IRS*
Civil No. 2009-90
Memorandum Opinion
Page 16

agency." 5 U.S.C. § 552(b)(5). This exemption encompasses, among

other things, the governmental deliberative process privilege,

*see NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 149–54 (1975);

*Renegotiation Bd. v. Grumman Aircraft Eng'g Corp.*, 421 U.S. 168,

183–85 (1975); *Berger v. IRS*, 487 F. Supp. 2d 482, 498 (D.N.J.

2007), the attorney work-product privilege, *see FTC v. Grolier,*

*Inc.*, 462 U.S. 19, 26 (1983); *United States v. Weber Aircraft*

*Corp.*, 465 U.S. 792, 799 (1984), and the attorney-client

privilege, *see Rein v. U.S. Patent & Trademark Office*, 553 F.3d

353, 366 (4th Cir. 2009).

The governmental deliberative process privilege exempts

material that reflects the opinions, recommendations, and

analysis of agency personnel, reflecting the agency's

deliberative process. *Sears*, 421 U.S. at 150. Its underlying

purpose is to encourage the full, fair, and frank exchange of

opinions among agency personnel. *Id.*

The attorney work-product doctrine protects from discovery

documents prepared by an attorney in contemplation of litigation

or during the pendency of litigation. *See* Fed. R. Civ. P.

26(b)(3); *Hickman v. Taylor*, 329 U.s. 495, 509–10 (1947). The

work-product doctrine "applies to memoranda prepared by the

attorney in contemplation of litigation which set forth the

*Erika A. Kellerhals, P.C. v. IRS*
Civil No. 2009-90
Memorandum Opinion
Page 17

attorney's theory of the case and his litigation strategy."

*Sears*, 421 U.S. at 154.

Finally, the attorney-client privilege covers "confidential

communications between an attorney and his client relating to a

legal matter for which the client has sought professional

advice." *Mead Data Central, Inc. v. U.S. Dep't of the Air Force*,

566 F.2d 242, 252 (D.C. Cir. 1977). Unlike the work-product

doctrine, there is no requirement that the communications arise

in the context of litigation. *Id.* at 252–53; *Elec. Privacy Info.*

*Ctr. v. Dep't of Homeland Sec.*, 384 F. Supp. 2d 100, 114 (D.D.C.

2005).

The Court adopts the Magistrate Judge's recommendation

that, with the exception of one document, all these documents

were validly withheld because they either contain privileged

information or fall within another exemption. While some of the

documents contain factual material, that material is so

intertwined with the analysis that any attempt to reveal only

the factual material would reveal the agency's deliberations.

*See Horowitz v. Peace Corps*, 482 F.3d 217, 277 (D.C. Cir. 2005).

Thus, the IRS has met its burden to demonstrate that these

documents are exempt from disclosure.

However, one document, FER-N19-000410, contains mainly

factual data. Thus, the IRS has failed to satisfy its burden

*Erika A. Kellerhals, P.C. v. IRS*
Civil No. 2009-90
Memorandum Opinion
Page 18

with respect to this document. The document contains factual information which can be revealed without disclosing the agency's deliberations or other privileged communications. Thus, Kellerhals has satisfied her burden to show that she is entitled to have this document disclosed in part.

Kellerhals also challenges the withholding of documents as privileged which consist of communications between the IRS and the NTA. Kellerhals argues there is no privilege that applies to these documents because the NTA is "an independent office established by Congress with interests and a mission often adverse to that of the Service" and "each office has separate attorneys and each office is a separate client with divergent interests." Pl.'s Mem. in Support of Cross-Mot. for Summ. J., ECF No. 24, at 11. However, the NTA reports directly to the Commissioner of Internal Revenue. *See* 26 U.S.C. § 7803(c)(1)(B)(I). Moreover, the NTA attorneys are part of the IRS Chief Counsel staff. Decl. of Susan L. Hartford, ECF No. 17-2, ¶¶ 1, 7. Thus, the communications between IRS Chief Counsel attorneys and the NTA are privileged. Accordingly, Kellerhals has failed to satisfy her burden to demonstrate that it is entitled to summary judgment on this issue.

*Erika A. Kellerhals, P.C. v. IRS*
Civil No. 2009-90
Memorandum Opinion
Page 19

## D. <u>Exemption 6</u>

The IRS is withholding one document in part because it contains the personal information of an employee. In applying the personal privacy exemptions under FOIA, courts must balance the private and public interests involved. *See Dep't of Air Force v. Rose*, 425 U.S. 352, 380-81 (1976). Kellerhals has not challenged the withholding of this document and asserts no public interest in its disclosure. The Court adopts the Magistrate Judge's recommendation that this document was validly withheld. Accordingly, the Court finds that the IRS has satisfied its burden to demonstrate that it is entitled to summary judgment on this issue.

## E. <u>Exemption 7(A) and (E)</u>

The IRS is withholding forty pages in full and twenty-one pages in part on the ground that their disclosure would interfere with ongoing enforcement proceedings. The IRS is withholding an additional ten pages in full and six in part on the ground that their disclosure would reveal law-enforcement techniques.

Documents compiled by the IRS in investigations or proceedings in the civil or criminal context may be within the meaning of "records or information compiled for law enforcement purposes." *Williams v. IRS*, 345 F. Supp. 591, 593 (D. Del.

*Erika A. Kellerhals, P.C. v. IRS*
Civil No. 2009-90
Memorandum Opinion
Page 20

1972), *aff'd*, 479 F.2d 317, 318 (3d Cir.), *cert. denied*, 414
U.S. 1024 (1973) (civil context, involving an audit); *Barney v.
IRS*, 618 F.2d 1268, 1273 (8th Cir. 1980) (criminal context,
involving investigation); *White v. IRS*, 707 F.2d 897, 901 (6th
Cir. 1983) (civil and criminal context); *Luzaich v. United
States*, 435 F. Supp. 31, 34 (D. Minn. 1977), *aff'd*, 564 F.2d 101
(8th Cir. 1977) (table) (civil and criminal). In order to invoke
Exemption 7 the IRS must prove a law-enforcement purpose for its
compilation of information. *John Doe Agency v. John Doe Corp.*,
493 U.S. 146, 152 (1989).

The Court adopts the Magistrate Judge's recommendation that
these documents were validly withheld because they either
contain information which could interfere with ongoing
enforcement proceedings or which would reveal law enforcement
techniques or fall within another exemption. Thus, the IRS has
satisfied its burden to show these documents were exempt from
disclosure.

Kellerhals challenges the IRS's claim on the grounds that
the allegedly exempt documents do not pose a risk of releasing
information relating to ongoing enforcement proceedings or law-
enforcement techniques. Having reviewed the documents, the Court
concludes that they all contain information which either related
to ongoing enforcement-proceedings or, if released, would reveal

*Erika A. Kellerhals, P.C. v. IRS*
Civil No. 2009-90
Memorandum Opinion
Page 21

law-enforcement techniques that would risk circumvention of the

law. Thus, Kellerhals has failed to satisfy her burden to show

that she is entitled to summary judgment on this issue.

## V. <u>CONCLUSION</u>

Kellerhals has demonstrated that it is entitled to the

majority of the documents that she requested. Indeed, the

Government has already made efforts to disclose the requested

documents. At the same time, the Government has demonstrated

that some of the requested documents are exempt from disclosure.

Accordingly, Kellerhals is entitled to summary judgment on her

claim and to disclosure of the requested documents, to the

extent that the documents do not fall within a permissible

exemption as outlined by the Court herein. An appropriate

judgment follows.


S_____
        **Curtis V. Gómez**
        **Chief Judge**